IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EARL T. LARGO,

        Plaintiff,

vs.                                      CIVIL NO. 98-341 DJS/LFG

KENNETH BRANDAU, Officer MONTOYA,
DOES, I through X, in their individual and
official capacities, CITY OF GALLUP, CITY
OF GALLUP JAIL and CITY OF GALLUP
POLICE DEPARTMENT,

        Defendants.

## MEMORANDUM AND ORDER
## RELATING TO OFFICER PERSONNEL FILES
## AND INTERNAL AFFAIR FILES

      THIS MATTER is before the Court on Defendants' submission of internal affairs and/or personnel files for Scott Montoya and Kenneth Brandau. Defendants request that the Court conduct an *in camera* inspection of these materials and determine what portions, if any, should be produced to Plaintiff.

      Fed. R. Civ. P. 26 provides for broad discovery. In particular, the Rule states in subsection (b)(1):

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Under this rule, all relevant material which is not privileged is discoverable. Weahkee v. Norton, 621 F.2d 1080, 1082 (10th Cir. 1980).

Plaintiff sought production of Defendants' internal affairs and personnel files; and Defendants object, stating the information is neither relevant nor material, nor is it calculated to lead to the discovery of admissible evidence. Further, Defendants assert the information is confidential.

An individual's interest in preventing disclosure of personal matters by the government is within the zone of privacy protected by the federal Constitution. Flanagan v. Munger, 890 F.2d 1557, 1570 (10th Cir. 1989)(citing Whalen v. Roe, 429 U.S. 589, 599 n.24 (1977)). The due-process clause "implies an assurance of confidentiality with respect to certain forms of personal information possessed by the state." Mangels v. Pena, 789 F.2d 836, 839 (10th Cir. 1986). However, the right to confidentiality of matters contained in personnel files is not absolute. Denver Policemen's Protective Ass'n. v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981). Simply because a matter is contained in a personnel file or in an internal affairs file does not automatically clothe the document in a mantel of confidentiality or privilege. Courts generally apply a three-prong balancing test to determine whether the information contained in an officer's personnel file is so personal or sensitive as to warrant protection. Id. The court generally considers (1) whether a party asserting a right has a legitimate expectation of privacy in the document; (2) whether disclosure serves a compelling state interest; and, (3) if disclosure can be made in the least intrusive manner.

It appears that the files were submitted to the Court for an *in camera* inspection prior to Defendants making a determination whether documents contained in the files are indeed privileged or relevant to the issues in this lawsuit.

The Court directs Defendants to retrieve the documents submitted for an *in camera* inspection and then separate from the files those documents which are clearly relevant and not privileged. For example, there is a claim in this lawsuit that Defendants failed to adequately train, yet, the personnel files contain significant information concerning the officers' training. Thus, those documents verifying training are relevant. The Court is unaware if Defendants are asserting some privilege for their non-disclosure. As to the documents that Defendants determine are relevant and not privileged, the Court orders that they be produced under the confidentiality order in place. Similarly, to the extend Defendants intend to introduce any document contained in the officers' files, that document must be produced.

Once the relevant, non-privileged documents are produced, Defendants may resubmit the remaining documents to the Court, together with a confidential index. The index should describe each document generally and by Bates number and should state what privilege is being asserted and why. The Court will then review the submitted documents in accord with the requirements of <u>Denver Policemen's Protective Ass'n. v. Lichtenstein</u> and will also balance the Plaintiff's right to obtain information with the officers' right to be free from intrusive examinations into private matters. <u>See, e.g.</u>, <u>Griswold v. State of Conn.</u>, 381 U.S. 479, 85 S. Ct. 1678 (1965). Based on this balance, the Court will issue an order indicating which documents, if any, will be ordered produced.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge